1  CAROLEE G. KILDUFF, ESQ., SB No. 107232    (SPACE BELOW FOR FILING STAMP ONLY)
   CORI R. SARNO, ESQ., SB No. 230559
2  **ANGELO, KILDAY & KILDUFF**
3  Attorneys at Law
   601 University Avenue, Suite 150
4  Sacramento, CA  95825
   Telephone:  (916) 564-6100
5  Telecopier:  (916) 564-6263

6  Attorneys for Defendants COUNTY OF YOLO,
7  YOLO COUNTY SHERIFF'S DEPARTMENT,
   ED PRIETO and KEN FISCH

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11

12  RENEE ODETTE LANCASTER              )  Case No.: CIV-S-03-2342 FCD/DAD
                                        )
13              Plaintiff,              )  **STIPULATION AND REQUEST FOR AN**
                                        )  **ORDER TEMPORARILY  STAYING**
14        vs.                           )  **THE PROCEEDINGS PENDING FINAL**
                                        )  **DETERMINATION  OF PLAINTIFF'S**
15  COUNTY OF YOLO, COUNTY OF YOLO,     )  **APPEAL OF HER SEPARATION FROM**
    SHERIFF'S DEPARTMENT; SHERIFF ED    )  **EMPLOYMENT**
16  PRIETO, INDIVIDUALLY AND IN HIS     )
    OFFICIAL CAPACITY; SGT. KEN FISCH,  )
17                                      )
18              Defendants.             )
                                        )
19  _____)

20        WHEREAS the instant lawsuit arises out of the Plaintiff's employment with the Yolo

21  County Sheriff's Department;

22        WHEREAS Ms. Lancaster filed an appeal regarding the decision to terminate her

23  employment and a hearing, before Administrative Law Judge ("ALJ") Joe H. Henderson, was

24  held on March 8 and 15, 2006 and concluded on April 7, 2006;

25        WHEREAS briefing by the parties regarding the appeal of Ms. Lancaster's separation

26  from employment is due to the ALJ by May 17, 2006;

27        WHEREAS the ALJ has thirty (30) days to issue a ruling regarding the Plaintiff's appeal

28  of her separation from employment;

---

-1-

STIPULATION AND REQUEST FOR AN ORDER TEMPORARILY STAYING THE PROCEEDINGS
PENDING FINAL DETERMINATION  OF PLAINTIFF'S APPEAL FROM HER SEPARATION FROM
EMPLOYMENT

1    WHEREAS the parties agree that the determination of the ALJ concerning the Plaintiff's

2    separation from employment will, unless overturned on appeal pursuant to California Code of

3    Civil Procedure § 1094.5, have a binding effect on certain issues in this case and will make

4    pending discovery and discovery motions regarding several issues in the case unnecessary;

5    WHEREAS the final determination of the Plaintiff's appeal will have a collateral

6    estoppel effect in these proceedings upon either of the following occurrences:

7    1.    The expiration of the ninety (90) day statute of limitations, within which time an

8          appeal of the ALJ's determination must be had as set forth in California Code of

9          Civil Procedure section 1094.5; or

10   2.    If either party appeals the ALJ's decision, upon a court's ruling on a petition for

11         writ of mandate;

12   WHEREAS the Parties have both filed notices of motions regarding discovery disputes

13   and a hearing on the parties respective motions is presently scheduled for May 19, 2006;

14   WHEREAS while engaging in the meet and confer process the parties have agreed that

15   many of the issues raised in the Parties respective discovery motions can be resolved, without

16   resort to the Court, based on the final determination of the ALJ;

17   WHEREAS the Parties are also in agreement that the determination of the ALJ regarding

18   the Plaintiff's appeal of her separation of employment from the County of Yolo Sheriff's

19   Department will eliminate the need for several depositions and a good deal of documentary

20   discovery;

21   WHEREAS there is also agreement that this determination will limit the number of issues

22   to be tendered to the Parties experts, which will save the parties the time and expense of

23   conducting expert discovery with regard to issues that are likely to be moot as a result of the final

24   determination of the appeal and

25   WHEREAS there is agreement the final determination will have an effect on the number

26   of issues to be resolved and legal arguments made on a motion for summary judgment;

27   WHEREAS the parties have agreed that under these circumstances, a stay of all

28   proceedings, including discovery motions and all other discovery in this case, best promotes the

STIPULATION AND REQUEST FOR AN ORDER TEMPORARILY STAYING THE PROCEEDINGS
PENDING FINAL DETERMINATION  OF PLAINTIFF'S APPEAL FROM HER SEPARATION FROM
EMPLOYMENT

1    efficient administration of justice;

2        WHEREAS a stay would relieve the Parties and the Court from the time and expense of

3    conducting discovery, hearing discovery motions and submitting motions for summary judgment

4    with regard to issues that will be rendered moot based on the ALJ's determination of the

5    Plaintiff's appeal; and

6        WHEREAS the Court may order a stay of an action pending the resolution of

7    independent proceedings which bear upon the case pursuant to it's power to control its docket

8    and calendar.  See Citicasters Co. v. Country Club Communications, 1997 U.S. Dist. LEXIS

9    17238, at pp.2-3 quoting Leyva v. Certified Grocers of Cal., Ltd, 593 F.2d 857, 863-864 (9th Cir.

10   1979) which held "a trial court may, with propriety, find it efficient for its own docket and the

11   fairest course for the parties to enter a stay of an action before it, pending resolution of

12   independent proceedings which bear upon the case."

13       THEREFORE, THE PARTIES, THROUGH THEIR RESPECTIVE COUNSEL,

14   HEREBY STIPULATE THAT:

15       1.    The interests of justice and the costs and burden, not only to the Parties but to the

16   Court, associated with the discovery of issues that will be moot upon final determination of the

17   Plaintiff's appeal from her separation from her employment with the Yolo County Sheriff's

18   Department, requires a temporary stay of the instant proceedings;

19       2.    The most appropriate course of action is to join in a request to the Court to

20   temporarily stay the proceedings in the instant case pending a final determination of the

21   Plaintiff's termination from her employment with the Yolo County Sheriff's Department;

22       3.    A temporary stay of the proceedings in this case should stay all pending discovery

23   motions, planned depositions, and deadlines for discovery and law and law and motion as set

24   forth in the Court's scheduling order to be resumed upon final determination of the Plaintiff's

25   appeal from her separation from employment;

26       4.    The discovery motions noticed by the Parties for May 19, 2006 and the

27   depositions of Yolo County Sheriff Ed Prieto and Sergeant Ken Fisch, presently set for May 17,

28   2006, are to be taken off calendar until further notice;

-3-

STIPULATION AND REQUEST FOR AN ORDER TEMPORARILY STAYING THE PROCEEDINGS
PENDING FINAL DETERMINATION  OF PLAINTIFF'S APPEAL FROM HER SEPARATION FROM
EMPLOYMENT

5.    The Parties agree the determination of the Plaintiff's appeal from her separation from employment will be considered final for the purposes of lifting the requested stay upon either of the following occurrences:

        a.  The passing of ninety (90) day statute of limitations following the decision of the ALJ regarding the Plaintiff's appeal from her separation from employment and no petition for writ of mandate challenging that decision is filed by either party; OR

        b.  If there is an appeal of the ALJ's determination, upon a ruling on the appealing Party's petition for writ of mandate pursuant to California Code of Civil Procedure section 1094.5;

6.    Upon the final determination of the above-described appeal, the Parties will immediately notify this Court that said determination has been made and is final, will attach a copy of the determination to the notice, and are in agreement the final determination is judicially noticeable;

7.    At that time the Parties will re-evaluate the necessity of the pending discovery motions and will re-notice any motions that are still necessary and will re-notice, after meeting and conferring regarding a date and time, any presently scheduled or contemplated depositions;

8.    Notwithstanding a stay of the proceedings in this case, both parties agree to supplement the responses to the written discovery requests that are the subject of the pending discovery motions, and will do so no later than Friday May 26, 2006;

9.    The Parties further agree that Defendants will not object to the Plaintiff's addition of her two treating physicians, as set forth in her supplemental expert witness disclosure filed May 9, 2006; and

10.    That the amount of time of the instant stay, and any delay on the hearing of the present discovery disputes as a result of this stay, is not to be considered the source of any additional prejudice, as a result of a delay in the hearing on the matter, to either party if the presently pending discovery motions are re-noticed following the lifting of this temporary stay; and

11.     The time remaining for discovery, law and motion, and other pre-trial matters will resume, upon notice by the parties to the Court that a final determination regarding the Plaintiff's appeal of her termination from her employment with the Yolo County Sheriff's Department has been reached, with appropriate new deadlines set by the Court.

Dated:  May 15, 2006

ANGELO, KILDAY & KILDUFF
/s/ Cori R. Sarno
By:_____
CAROLEE G. KILDUFF
CORI R. SARNO
Attorneys for Defendants
COUNTY OF YOLO,
YOLO COUNTY SHERIFF'S
DEPARTMENT, ED PRIETO and KEN
FISCH

Dated:  May 15, 2006

/s/ Gary W. Gorski
By:_____
GARY W. GORSKI
Attorney for Plaintiff LANCASTER

I:\CGK\Lancaster\PLEADINGS\STIP & REQ FOR STAY OF PROC.doc

**IT SO ORDERED.**

Date: May 15, 2006

/s/ Frank C. Damrell Jr._____
HONORABLE FRANK C. DAMRELL, JR.

-5-

STIPULATION AND REQUEST FOR AN ORDER TEMPORARILY STAYING THE PROCEEDINGS
PENDING FINAL DETERMINATION  OF PLAINTIFF'S APPEAL FROM HER SEPARATION FROM
EMPLOYMENT