IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RENEE ODETTE LANCASTER,

        Plaintiff,                      No. CIV S-03-2342 FCD DAD

    v.

COUNTY OF YOLO, et al.,

        Defendants.               ORDER

_____/

        This matter came before the court on December 21, 2007, for hearing of defendants' application for an order enforcing certain provisions of the stipulated protective order filed in this action on October 3, 2005 regarding the Carlson Investigation and supporting documents. Daniel M. Karalash, Esq. appeared on behalf of plaintiff. Cori R. Sarno, Esq. appeared on behalf of defendants.

        Upon consideration of the written materials submitted in connection with defendants' application, the court's own independent research, the oral arguments of counsel, and the entire file, the court finds that a presumption of public access attached to the documents filed many months ago by the parties as part of their briefing on defendants' motion for summary judgment. Defendants have failed to show compelling reasons for entering an order sealing such documents. See Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006).

1         Judgment having been entered in this case on June 29, 2007, and plaintiff's appeal having been dismissed on November 21, 2007, the court will enforce the stipulated protective order with respect to destruction of copies of documents specified in the October 3, 2005 stipulated protective order, except copies in the form filed by the parties in support of their briefing on defendants' motion for summary judgment.  See <u>On Command Video Corp. v. LodgeNet Entm't Corp.</u>, 976 F. Supp. 917 (N.D. Cal. 1997); <u>Colaprico v. Sun Microsystems, Inc.</u>, No. Civ. 90-20610 SW, 1994 WL 514029 (N.D. Cal. Aug. 22, 1994).

        For the reasons stated on the record, IT IS ORDERED that:

        1. Defendants' December 11, 2007 ex parte application for an order sealing specific documents filed by the parties as part of their briefing on defendants' motion for summary judgment is denied without prejudice.

        2. Defendants' December 11, 2007 ex parte application is granted in part with respect to destruction of copies of documents subject to the October 3, 2005 stipulated protective order.

        3. On or before January 11, 2008, plaintiff's counsel shall:

        a. Destroy all copies of documents received by plaintiff's counsel in discovery in this action regarding the Carlson investigation, except for copies in the form submitted as part of the briefing on defendants' motion for summary judgment; and

        b. File and serve a declaration under penalty of perjury that plaintiff's counsel has complied with this order.

DATED: December 21, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.civil/lancaster2342.oah.122107